IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARALEE RIEMENSNYDER,** | : | Civil No. 3:20-CV-109 |
| | : | |
| Plaintiff, | : | (Judge Mariani) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **PARAGON SYSTEMS,** | : | |
| | : | |
| Defendant. | : | |

# **MEMORANDUM AND ORDER**

The background of this order is as follows:

This is an employment discrimination lawsuit brought by a former court security officer against her employer, Paragon Systems. The defendant has filed a motion for summary judgment with accompanying statement of facts pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1. (Docs. 97, 99). The plaintiff has now moved, for a second time in this litigation, to strike the defendant's statement of facts, arguing that the statement relied upon two declarations that were not disclosed during discovery and contained immaterial and irrelevant facts that were not concise as required by the rules. The defendant opposes this motion to strike, arguing that they disclosed the identities of both individuals that submitted declarations in support of the motion for summary judgment during discovery. They also contend that the plaintiff has offered no compelling reason why parts of their

1

statement of facts should be stricken. The motion is now ripe for disposition. For the reasons set forth below, the motion to strike, (Doc. 113), is DENIED.

Rule 12(f) of the Federal Rules of Civil Procedure generally governs motions to strike pleadings and provides, in part, that:

> **(f)** **Motion to Strike**. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f).

As we detailed in denying the plaintiff's motion to strike a previous iteration of the defendant's statement of facts, while rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 675 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A.La., 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) (cleaned up). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and

prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

The plaintiff argues that the defendant's statement of facts supporting its motion for summary judgment violates Local Rule 56.1, which requires in relevant part:

> A motion for summary judgment filed pursuant to Fed.R.Civ.P.56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried. . . . Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.

Local Rule 56.1. The purpose of this rule is to "structure a party's summary judgment legal and factual theory into a format that permits and facilitates the court's direct and accurate consideration of the motion." Weitzner v. Sanofi Pasteur, Inc., No. 3:11-CV-02198, 2017 WL 3894888, at *4 (M.D. Pa. Sept. 6, 2017), aff'd, 909 F.3d 604 (3d Cir. 2018) (quoting Gantt v. Absolute Machine Tools, Inc., No. 1:06-CV-1354, 2007 WL 2908254, at *3 (M.D. Pa. Oct. 4, 2007)).

First, the plaintiff does not point us to exactly which paragraphs she argues are irrelevant in her motion, simply stating "many of the statements are not material," (Doc. 113, ¶ 4), but, by our reading of the defendant's statement of facts, there is nothing "redundant, immaterial, impertinent, or scandalous" warranting an "extreme measure" such as striking the entire pleading. Further, although it is true, as the plaintiff asserts, that many of the paragraphs within the statement of facts contain

3

more than one sentence, we do not view the pleading as so lengthy that it runs afoul of the purpose of Rule 56.1 to "enable 'the court to identify contested facts expeditiously and [prevent] factual disputes from becoming obscured by a lengthy record.'" Weitzner v. Sanofi Pasteur, Inc., No. 3:11-CV-02198, 2017 WL 3894888, at *11 (M.D. Pa. Sept. 6, 2017), aff'd, 909 F.3d 604 (3d Cir. 2018); (quoting Pinegar v. Shinseki, No. 1:07-CV-0313, 2009 WL 1324125, at *1 (M.D. Pa. May, 12, 2009)). Nor do we find that the statement of facts tends to "*hinder* rather than facilitate the Court's direct and accurate consideration of [the defendant's] Motion for [ ] Summary Judgment." Hartshorn v. Throop Borough, No. CIV.A. 3:07-CV-01333, 2009 WL 761270, at *3 (M.D. Pa. Mar. 19, 2009), or that it prejudiced the plaintiff in any way. In fact, although the plaintiff argues that it is difficult for her to answer the statement since some paragraphs support more than one allegation, she has submitted a counterstatement of facts which appears to adequately address each of the paragraphs she wishes to have stricken. (Doc. 125). Thus, seeing no egregious violation of the Local Rules, the materiality of the factual assertions contained within the statement of facts will be borne out in our analysis of the motion for summary judgment.

    The plaintiff next presents a puzzling argument, that the declarations of two declarants, George Kamage and Bryttany Gardner, whose identities and the subject matter of their testimony were disclosed during discovery, should be stricken. The

plaintiff does not dispute that the identities of both declarants were disclosed during discovery, in fact, the plaintiff deposed one of the declarants, but rather she argues that she should have been provided the declarations before summary judgment and that the defendant's answer to Interrogatory 1 was misleading as to the scope of the witnesses' declarations.

As the defendant points out, it is well settled that, "the Federal Rules expressly contemplate declarations in support of summary judgment, regardless of when in the discovery process the motion is filed." Ng v. Lahood, 952 F. Supp. 2d 85, 92 (D.D.C. 2013) (citing Johnson v. Shinseki, 811 F.Supp.2d 336, 342 (D.D.C. 2011)). Indeed, Rule 56, which governs the procedure for summary judgment, dictates:

> (c) PROCEDURES.
>
> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> . . .
>
> (4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c)(4). Clearly, the declarations of Mr. Kamage and Ms. Gardner meet the requirements of 56(c)(4). Moreover, our sister courts have frequently upheld the use of post-discovery declarations, particularly in cases where, such as here, the declarants were previously disclosed witnesses. See e.g., Scalia v. Elder Res. Mgmt., Inc., No. 2:19-CV-00546-CCW, 2020 WL 7390871, at *3 (W.D. Pa.

Dec. 16, 2020), motion to certify appeal denied sub nom. Stewart v. Elder Res. Mgmt., Inc., No. 2:19-CV-00546-CCW, 2021 WL 650510 (W.D. Pa. Feb. 19, 2021); OFI Int'l, Inc. v. Port Newark Refrigerated Warehouse, No. 2:11-CV-06376 WJM, 2015 WL 140134, at *4 (D.N.J. Jan. 12, 2015). In fact, the plaintiff had the opportunity to depose both witnesses, and did depose Mr. Kamage. (See Doc. 109).

Thus, it appears the plaintiff's only argument relates to the scope of the declarations supporting the defendant's motion for summary judgment. On this score, the plaintiff argues that the defendant's failure to disclose the *purpose* of the declarations essentially made the discovery process a "game of blind man's bluff." She points to the defendant's answer to Interrogatory 1:

1. Identify any person who has been interviewed or otherwise contacted by you or any person on your behalf in order to prepare Defendants' Brief in Support of Motion to Dismiss/Summary Judgment, Defendat's Answer and/or Defenses, answers to these interrogatories, production of documents, and/or the initial disclosures, and describe the substance of each such conversation and provide a copy of any statement obtained.

   . . .

   - George Kamage, Scranton District Superintendent – Mr. Kamage provided information regarding Plaintiff's medical review process, and the physical examination requirements of Plaintiff's position.

   . . .

   - Bryttany Gardner, PHR, Director, Office of Professional Responsibility – Ms. Gardner provided information regarding Plaintiff's job assignment and facts related to her medical leave.

6

In the plaintiff's view, these answers were not complete and accurate because they failed to specifically disclose that Mr. Kamage would provide information on any contract with the USMS or that Bryttany Gardner would testify that Paragon had not received a right-to-sue letter from the EEOC. Thus, the plaintiff argues she was deprived of her ability to explore those areas with the declarants during discovery.

      We disagree that the plaintiff is in any way deprived of her ability to fully and fairly explore the issues discussed in the declarations of Mr. Kamage and Ms. Gardner in support of the motion for summary judgment. The declarants were identified as witnesses for the defendants as individuals with knowledge of the case. Their declarations were made on personal knowledge, setting out facts that would be admissible in evidence, and showing that each declarant was competent to testify. That is all that is required under Rule 56. Beyond that, the plaintiff has pointed us to no relevant authority which seems to demonstrate that the declarations should be stricken. Further, the answers to Interrogatory 1, while not inclusive of every detail alleged in the declarations, were not misleading as to the substance of each witness's testimony as the plaintiff suggests. Indeed, Mr. Kamage's declaration does discuss the physical examination requirements of the plaintiff's position in the context of the USMS contract. Further, as the defendant points out, "[the plaintiff] deposed Mr. Kamage during discovery, [ ] Mr. Kamage identified himself as Paragon's Contract Manager, and [ ] he testified at length about Paragon's contract with USMS." (Doc.

7

128, at 4; see also Doc. 128-1). Thus, regardless of whether the defendant's answer to Interrogatory 1 provided the plaintiff with notice of the exact testimony Kamage would provide, she had actual notice of such information after she deposed the declarant. Thus, the plaintiff's argument that she was somehow deprived of the benefits of the discovery process is unavailing.

Similarly, as to the declaration of Ms. Gardner that Paragon never received the plaintiff's right to sue letter, we fail to see how Ms. Gardner's declaration as to a fact within the control and knowledge of the plaintiff could deprive her of the benefit of discovery simply because she was not aware this particular witness would testify to this fact. Moreover, Ms. Gardner's title and department were identified in the interrogatories, providing notice of her likely duties. And, as the plaintiff points out, issues relating to exhaustion are most appropriately evidenced by documentation from the EEOC itself.

As noted by our sister circuits, motions under 12(f), "are typically disfavored 'because . . . it is often sought by the movant simply as a dilatory tactic.'" Moret v. Geren, 494 F. Supp. 2d 329, 335–36 (D. Md. 2007) (citing 5C A. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 647 (2d ed.1990); Waste Mgmt. Holdings v. Gilmore, 252 F.3d 316, 347 (4th Cir.2001); Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664–65 (7th Cir.1992). So it is here, where the plaintiff has again moved to strike the defendant's

pleading based upon a perplexing legal theory that we decline to adopt. Accordingly, the plaintiff's motion to strike the defendant's statement of facts supporting its motion for summary judgment, (Doc. 99), is DENIED.

So ordered this 14th day of April 2022.

<u>/s/ Martin C. Carlson</u>
Martin C. Carlson
United States Magistrate Judge